UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS JONES,

        Petitioner,                Civil Case No. 14-14205
                                                      Honorable Linda V. Parker

v.

DUNCAN MACLAREN,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING CERTIFICATE OF APPEALABILITY; AND (3) DENYING AS MOOT PETITIONER'S MOTIONS FOR EXPEDITED CONSIDERATION, FOR SUMMARY JUDGMENT, AND FOR LEAVE TO FILE AFFIDAVIT**

This is a habeas case filed under 28 U.S.C. § 2254. On October 31, 2014, Petitioner Curtis Jones filed a *pro se* petition challenging the Michigan Parole Board's February 5, 2014 decision of "no interest" in taking action on Petitioner's case. Petitioner argues that the Parole Board's decision violated his due process rights because it was based in part on several convictions obtained in violation of his Sixth Amendment right to counsel. The Court finds that the claim raised in this petition is duplicative of a claim raised by Petitioner in another habeas petition pending at the time he filed this petition. The Court therefore is dismissing the petition on that basis. The Court also declines to issue a certificate of appealability and denies as moot Petitioner's pending motions requesting expedited

consideration of his habeas petition, for summary judgment, and for leave to file an affidavit.

I. **Background**

In 1991, Petitioner pleaded guilty in the Circuit Court for Kent County, Michigan to possession with intent to deliver less than fifty grams of cocaine, and was sentenced to two to five years in prison. Several months later, a jury in the Kent County Circuit Court found Petitioner guilty of second-degree murder and felony firearm. He was sentenced to life imprisonment for the second-degree murder conviction and two years' imprisonment for the felony-firearm conviction. In 2004, Petitioner pleaded guilty in the Circuit Court for Lapeer County, Michigan to possession of contraband in prison, and was sentenced to one year and one day to five years in prison.

On February 5, 2014, the Michigan Parole Board issued a Notice of Decision holding that a majority of the parole board had no interest in taking action on Petitioner's case. The Parole Board scheduled Petitioner's next interview in 2019. (*See* ECF No. 1 at Pg ID 26-27.)

On October 31, 2014, Petitioner filed the pending petition. He challenges the Parole Board's decision denying him parole on the ground that the Parole Board relied in part on a pre-sentence investigation report which listed six juvenile convictions which Petitioner contends are invalid. He argues that the juvenile

convictions are invalid because he pleaded guilty to four of the convictions without the assistance of counsel and was not informed of his right to appellate counsel or his right to appeal with respect to all six of the convictions.

## II.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the power of federal courts to review second or successive habeas corpus petitions. 28 U.S.C. § 2244(b)(1). Section 2244 provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

On May 1, 2014, Petitioner filed a habeas corpus petition in the United States District Court for the Western District of Michigan challenging the same parole denial that is the subject of his current petition and raising the same argument that the Parole Board improperly relied on uncounseled juvenile convictions when deciding to deny him release on parole. *See* Pet., *Jones v. MacLaren*, No. 2:14-cv-00102 (W.D. Mich. May 1, 2014), ECF No. 1. On March 31, 2015, the District Court for the Western District of Michigan dismissed the petition because Petitioner failed to satisfy 28 U.S.C. § 2254's "in custody" requirement.[1] Opinion, *Jones*, No. 2:14-cv-00102 (W.D. Mich. Mar. 31, 2015),

---

[1] A federal district court has jurisdiction to entertain petitions for habeas corpus relief only from petitioners who are "in custody in violation of the Constitution or
(Cont'd . . .)

ECF No. 14. The district court granted a certificate of appealability. *Id.* at Pg ID 259-60. The dismissal was with prejudice. Judgment, *Jones*, No. 2:14-cv-00102 (W.D. Mich., Mar. 31, 2015), ECF No. 16. Petitioner filed an appeal which is currently pending in the Sixth Circuit Court of Appeals. *Jones v. MacLaren*, No. 15-1457 (6th Cir. filed Apr. 22, 2015).

Petitioner raises the same claim in this petition concerning the Parole Board's alleged denial of parole based on uncounseled juvenile convictions as he raised in his earlier-filed habeas petition. "If a prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases." *Tyler v. Cain*, 533 U.S. 656, 661 (2001) (citation omitted);

---

laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the "in custody" language to require that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A petitioner may indirectly challenge an expired conviction by challenging a sentence for which he is currently in custody, as enhanced by an allegedly invalid prior conviction. *Lackawanna Cnty. Dist. Attorney v. Coss, Jr.*, 532 U.S. 394, 401-02 (2001) (citing *Maleng*, 490 U.S. 488)). In Petitioner's case, the District Court for the Western District of Michigan held that it was not clear whether the *Lackawanna* exception applies to parole determinations because the denial of parole does not "alter Petitioner's underlying sentence, it merely requires him to continue serving it." Opinion, *Jones v. MacLaren*, No. 2:14-cv-00102 (W.D. Mich. Mar. 31, 2015), ECF No.14 at Pg ID 259. The district court held that, even assuming the *Lackawanna* exception applied, "[c]onsidering Petitioner's extensive and violent criminal record, it is exceedingly unlikely that four juvenile convictions for which he received probation or was placed in foster care had any meaningful impact on the Parole Board's decision." *Id.* at Pg ID 259.

*see also Gonzalez v. Crosby*, 545 U.S. 524, 529-30 ("First, any claim that has already been adjudicated in a previous petition must be dismissed."); *In re Salem*, 631 F.3d 809, 812 (6th Cir.2011) (claims raised in previous habeas petition and barred under § 2244(b)(1) will be dismissed). Accordingly, Petitioner's claim is barred from review under § 2244(b)(1) and the petition must be dismissed.

## III. Conclusion

For the reasons set forth above, the Court is dismissing the petition for a writ of habeas corpus. Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue only if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* The Court finds that the conclusion that the petition must be dismissed under § 2244(b)(2) is not

"debatable among jurists of reason." The Court therefore denies Petitioner a certificate of appealability.

Having reached this decision, Petitioner's motions seeking expedited review of his petition, for summary judgment, and for leave to file an affidavit are moot.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** and a certificate of appealability is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's Motion for Expedited Consideration (ECF No. 8), Motion for Summary Judgment (ECF No. 9), and Motion for Leave to File an Affidavit in Support of Plaintiff's Objections (ECF No. 13) are **DENIED AS MOOT**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 21, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 21, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury  
Case Manager